# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00528-CR

**Sherwood Thomas Edrington, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-04-084, HONORABLE DONALD LEONARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of stealing property valued at more than $20,000 and assessed punishment, enhanced by previous felony convictions, at seventy years' imprisonment. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(5) (West Supp. 2005). Appellant contends the court erred by excluding testimony by a defense expert offered at the guilt stage of trial and by refusing to admit an expert report offered at the punishment stage. We will overrule these contentions and affirm the conviction.

Dennis Smock, the complaining witness, testified that he met appellant at a truck stop in Channelview on February 15, 2003. Smock, a truck driver, had just delivered a load of plants to Houston-area nurseries, and his tractor-truck and flatbed trailer were empty. Appellant told Smock that he had a load of hay at his ranch near Austin that needed to be shipped to Nebraska, and he

asked Smock if he would be interested in the job. Smock testified that appellant "knew all of the lingo of a trucker." After checking with his employer, Smock accepted appellant's offer.

Smock and appellant left Channelview in Smock's truck and drove toward Austin. They stopped at a grocery store in Buda, and Smock went inside to buy beer and cigarettes. When he came out of the store, appellant and the truck were gone. The trailer was found abandoned in Austin. Several months later, the truck was found in Alabama abandoned and stripped.

In his first point of error, appellant urges that the trial court erred by excluding testimony by defense witness Raymond Rone, an expert on commercial trucking regulation, that would have assisted the jury in evaluating Smock's testimony. *See* Tex. R. App. P. 702. The court permitted Rone to testify that it was a violation of federal regulations for a commercial truck driver to accept passengers and possess alcohol. The court did not permit Rone to testify that it was the common practice in the trucking industry for a driver to contact his dispatcher after delivering a load, and that it was contrary to common practice "for a driver to seek out a load and to agree to carry a load without notifying the motor carrier." The court disallowed this testimony because, "That's not the evidence here. He did call or at least he said he called."

To be helpful, expert testimony must be relevant to the facts of the case. *Morales v. State*, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000). We hold that the trial court did not abuse its discretion by ruling that the excluded testimony did not satisfy the "fit" requirement and was therefore irrelevant. *Id.* Point of error one is overruled.

Appellant's second point of error relates to the testimony of Dr. Ross Miller at the punishment stage. Miller is a clinical psychologist. Miller testified that he interviewed appellant on several occasions and administered two personality tests. He concluded that appellant "suffers

2

from a mixed personality disorder . . . of moderate proportions and that it is possible that his criminal activity was a manifestation of this disorder." Miller explained that as a result of a "brutal childhood," appellant perceives others as exploiting or mistreating him, and that appellant justifies his criminal conduct as a "way to redress the [perceived] grievance." At the conclusion of Miller's testimony, appellant proffered the witness's written report into evidence. The court sustained the State's hearsay objection to its admission.

Appellant argues that hearsay underlying an expert's opinion should not be excluded unless the danger that the evidence will be misused outweighs its value in explaining or supporting the opinion. Tex. R. App. P. 705(d). We have reviewed the report in question.[1] In large part, it merely restates Miller's trial testimony. Appellant does not draw our attention to any facts contained in the report that were not testified to by Miller before the jury. No abuse of discretion is shown. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: December 21, 2005

Do Not Publish

---

[1] Although the report is included in the reporter's record, the State points out that it was not admitted for the purpose of the appeal.